UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUWOLE OGUNDARE,

Plaintiff(s),

*- against -*

EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.

1:25-cv-04236

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

1. Counsel for any party ("Designating Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Stipulation and Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party, including its employees, and its counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. If a Designating Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Designating Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Designating Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

6. Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

a. The requesting party's counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Attorneys' Eyes Only Information by virtue of his or her position with the Court).

7. Prior to disclosing or displaying the Confidential or Attorneys' Eyes Only Information to any person, counsel must:

a. Inform the person of the Confidential or Attorneys' Eyes Only nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. To the extent either party intends on filing a document with the Court designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", they agree to do so under seal. Only if a party successfully challenges a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation in Court shall it be permitted to file such a document without filing it under seal.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right

to designate such document or information as Confidential or Attorneys Eyes' Only Information. If so designated, the document or information shall thereafter be treated as Confidential or Attorneys' Eyes Only Information subject to all the terms of this Stipulation and Protective Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. The terms of this Stipulation and Protective Order shall survive final disposition of this action. At the conclusion of litigation, Confidential and Attorneys' Eyes Only Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Designating Party or certified as destroyed via signed certification, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected from any disclosure outside of that counsel's file.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: September 11, 2026

Respectfully submitted,

/s/ *Mikelle V. Bliss*

Mikelle V. Bliss, Esq.
**HINSHAW & CULBERTSON LLP**
800 3rd Avenue, 13th Floor
New York, New York 10022
Tel: (908) 292-0023
Email: mbliss@hinshawlaw.com
*Counsel for Defendant Nissan Motor Acceptance Company LLC*

Dated: September 11, 2026

Respectfully submitted,

/s/ *Adam J. Fishbein, Esq.*

Adam J. Fishbein, Esq.
Adam J. Fishbein, P.C.
735 Central Avenue
Woodmere, NY 11598
516-668-6945
fishbeinadamj@gmail.com
*Attorney for Plaintiff*

SO ORDERED:

9/14/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLUWOLE OGUNDARE,<br><br>Plaintiff(s),<br><br>*- against -*<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., ET AL. | 1:25-cv-04236 |

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled ________________ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _________________, 20_

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of:

_________________________________

(Attorney)